[705 NYS2d 623]

SPHERE DRAKE INSURANCE COMPANY, PLC, et al., Appellants, v
BLOCK 7206 CORPORATION, Doing Business as HIPPS, et al.,
Respondents.

Second Department, March 27, 2000

## APPEARANCES OF COUNSEL

*Agoglia, Fassberg, Holland & Crowe, P. C.,* Mineola (*Patrick J. Crowe* of counsel), for appellants.

*John Z. Marangos,* Staten Island, for Block 7206 Corporation, respondent.

*Kreines & Engelberg,* Mineola (*Richard A. Engelberg* and *James Mazzarella* of counsel), for Jonathan Ilchert, respondent.

## OPINION OF THE COURT

RITTER, J. P.

The plaintiffs commenced this action, *inter alia,* for a judgment declaring that the plaintiff Sphere Drake Insurance Company, PLC (hereinafter Sphere Drake) is not obligated to defend or indemnify the defendant Block 7206 Corporation, doing business as Hipps (hereinafter Hipps), in an underlying action commenced by the defendant Jonathan Ilchert. We grant such relief on the ground that Sphere Drake properly and timely disclaimed coverage pursuant to policy exclusions for claims arising out of an alleged assault and battery.

The relevant allegations in the underlying negligence action may be summarized as follows: Jonathan Ilchert, while in a nightclub operated by Hipps, was confronted verbally and physically by a fellow patron who was intoxicated. While in the parking lot of the club a short time later, he heard a noise and realized that he had been shot, allegedly by the same patron. Ilchert commenced an action against Hipps claiming that a proximate cause of his injuries was that Hipps was negligent in failing to maintain a secure premises and in hiring and supervising its personnel, and that Hipps had violated the so-called Dram Shop Act by allowing his assailant to continue to drink alcoholic beverages even after he was visibly intoxicated. Hipps, in turn, sought coverage from its insurer, Sphere Drake, pursuant to a general liability policy and a liquor liability policy. Sphere Drake disclaimed coverage under an assault and battery exclusion in each policy and commenced this declaratory judgment action. In the order appealed from, the Supreme Court, *inter alia,* denied the plaintiffs' cross motion for summary judgment declaring that Sphere Drake is not obligated to defend or indemnify the defendant Block 7206 Corporation, doing business as Hipps, in the action entitled *Ilchert v Block 7206 Corporation,* finding issues of fact. We reverse the order insofar as appealed from.

As a threshold issue, we find that the defendants failed to rebut Sphere Drake's prima facie showing that an assault and battery exclusion was part of each policy (*see, Metzgar v Aetna Ins. Co.,* 227 NY 411; *Matter of Sarah K.,* 66 NY2d 223, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108; *Northville Indus. Corp. v Fort Neck Oil Terms.,* 100 AD2d 865, *affd* 64 NY2d 930). The exclusions encompassed claims "arising out of" an assault and battery caused by either the intentional conduct or negligence of the insured. They are applicable to the facts giving rise to Ilchert's claims (*see, Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347; *U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821; *Sphere Drake Ins. Co. v Block 7206 Corp.,* 237 AD2d 427). Thus, Sphere Drake properly disclaimed coverage based on the assault and battery exclusions.

However, Sphere Drake had a duty to disclaim coverage in a timely manner because the occurrence at issue is governed by Insurance Law § 3420 (d) (*see, American Ref-Fuel Co. v Employers Ins. Co.,* 265 AD2d 49 [decided herewith]), and Sphere Drake's disclaimer rests on an exclusion in each policy. Insurance Law § 3420 (d) provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Here, the coverage is governed by Insurance Law § 3420 (d) (*see, Nallan v Union Labor Life Ins. Co.,* 42 NY2d 884; *see also, Park Terrace Arms Corp. v Nationwide Ins. Co.,* 268 AD2d 297; *Agoado Realty Corp. v United Intl. Ins. Co.,* 260 AD2d 112; *2500 Motel Corp. v Investors Ins. Co.,* 169 AD2d 604; 70 NY Jur 2d, Insurance, § 1439; Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured,* 31 ALR4th 957). In so holding, we emphasize that we are not addressing policy coverage issues concerning the scope of the subject assault and battery exclusions. We note that the Court of Appeals has, in general, given assault and battery exclusions a broad construction. If no cause of action would exist but for the assault, it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other (*see, Mount Vernon Fire Ins. Co. v Creative Hous., supra,* at 353; *see also, U.S. Underwriters Ins. Co. v Val-Blue Corp., supra*). However,

the Legislature has determined that an insurance carrier will be precluded from disclaiming coverage based on such a policy exclusion, even if otherwise applicable, if the occurrence is one within Insurance Law § 3420 (d) and the disclaimer is not timely (*see, Zappone v Home Ins. Co.,* 55 NY2d 131). This conclusion flows from two related lines of case law from the Court of Appeals.

In *Schiff Assocs. v Flack* (51 NY2d 692), a case which, *inter alia,* did not involve death or bodily injury and, therefore, was not governed by Insurance Law § 3420 (d) (former Insurance Law § 167 [8]), the Court of Appeals established various general principles as to disclaimers and denials of insurance coverage. The defendant-insurer in *Schiff* disclaimed coverage on the ground, *inter alia,* that the policies at issue were written, without reference to any exclusions, so as not to provide coverage for the occurrence at issue. In upholding the disclaimer, the Court of Appeals held that the coverage afforded by an insurance policy was the "sum total, or net balance, however one labels it," of the policy inclusions minus the policy exclusions (*Schiff Assocs. v Flack, supra,* at 697). Further, that coverage, in addition to the coverage provided by the policy, could not be attained by waiver (*see, Schiff Assocs. v Flack, supra,* at 698). Rather, the Court held, an insurer could only "create" coverage by estoppel (*see, Schiff Assocs. v Flack, supra,* at 697-698; *see also, New York Univ. v Continental Ins. Co.,* 87 NY2d 308).

Two years later, in *Zappone v Home Ins. Co.* (*supra*), the Court of Appeals considered how the principles concerning disclaimer set forth in *Schiff* (*supra*) were to be applied in cases governed by Insurance Law § 3420 (d) (former Insurance Law § 167 [8]). In *Zappone,* which concerned an automobile accident, the defendant-insurer had disclaimed coverage on the ground that neither the vehicle nor the person involved in the underlying accident was covered by either of the two policies at issue. The plaintiffs-insureds sought a declaration that Home was precluded from denying coverage pursuant to former Insurance Law § 167 (8) (now § 3420 [d]) because it had failed to timely disclaim coverage on such grounds. In holding that the defendant-insurer was not precluded from disclaiming coverage on the ground that there was a lack of coverage, the *Zappone* Court stated: "The principle, declared in *Schiff Assocs. v Flack* (51 NY2d 692), that the failure to disclaim coverage does not create coverage which the policy was not written to provide, applies to liability policies as well as professional indemnity insurance, notwithstanding the provisions of [Insurance Law

§ 3420 (d)]. The words 'deny coverage' in that subdivision refer to denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question. It does not encompass denial that the policy as written could not have covered the liability in question under any circumstances." (*Zappone v Home Ins. Co., supra*, at 134.) Thus, the *Zappone* Court held, preclusion pursuant to Insurance Law § 3420 (d) occurred when there was an untimely disclaimer and "a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy" (*Zappone v Home Ins. Co., supra*, at 138; *see also, Handelsman v Sea Ins. Co.*, 85 NY2d 96; *cf., Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195; *Presbyterian Hosp. v Maryland Cas. Co.*, 90 NY2d 274).

Here, because the occurrence is governed by Insurance Law § 3420 (d), and Sphere Drake's disclaimer rests on an exclusion in each of the subject policies, Sphere Drake had a duty to timely disclaim coverage. On the facts presented, we conclude that Sphere Drake's disclaimer of coverage, made approximately 45 days after receiving the notice of claim, satisfied the statute and was timely as matter of law (*see, Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491; *Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144).

Our analysis concerning the duty to timely disclaim is not altered by the decision of the Appellate Division, Fourth Department in *Crouse W. Holding Corp. v Sphere Drake Ins. Co.* (248 AD2d 932, *affd for reasons stated* 92 NY2d 1017). In Crouse, the Court, on facts similar to those at bar, held, *inter alia*, that the defendant-insurer did not have a duty to timely disclaim coverage based on policy exclusions for assault and battery. In support of such a conclusion, the Appellate Division, Fourth Department, cited *New York Univ. v Continental Ins. Co.* (87 NY2d 308, *supra*) for the proposition that "coverage is the net total of policy inclusions minus exclusions, and the failure to disclaim based on an exclusion will not give rise to coverage that does not exist" (*New York Univ. v Continental Ins. Co., supra*, at 323). However, as discussed, neither the *New York University* case, nor the case upon which *New York University* relied—*Schiff Assocs. v Flack* (51 NY2d 692, *supra*)—concerned claims governed by Insurance Law § 3420 (d), because neither involved a claim for death or bodily injury. In addition, the policies involved in *Schiff* did not afford coverage for the occurrence at issue, as distinguished from cases, such

as here, where coverage would apply but for a policy exclusion. Where Insurance Law § 3420 (d) is applicable and a disclaimer is based on a policy exclusion, controlling precedent is set by *Zappone v Home Ins. Co.* (*supra*), and a timely disclaimer of coverage is required. Moreover, although the *Crouse* decision was affirmed by the Court of Appeals, the Fourth Department's analysis concerning the disclaimer issue does not appear to have been reviewed by the Court of Appeals. Rather, the appeal to the Court of Appeals, as limited by the notice of appeal of the appellant (Sphere Drake), concerned only a discrete issue as to whether an ambiguity had been created by a discrepancy between the insurance binder and the insurance policies as issued. Thus, *Crouse* does not represent controlling precedent on the issue being reviewed on this appeal.

Accordingly, the order is reversed insofar as appealed from, the plaintiffs' cross motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that Sphere Drake is not obligated to defend or indemnify Hipps in the action entitled *Ilchert v Block 7206 Corporation.*

The parties' remaining contentions are either academic or without merit.

JOY, GOLDSTEIN and McGINITY, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiffs' cross motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff Sphere Drake Insurance Company, P. L. C. is not obligated to defend or indemnify the defendant Block 7206 Corporation, doing business as Hipps, in the action entitled *Ilchert v Block 7206 Corporation.*