OPINION OF THE COURT
 

 Wesley, J.
 

 In this appeal we are asked to determine whether the intentional assault of a tenant by an unknown assailant is an “accident” and hence a covered “occurrence” under a landlord’s insurance policy, and whether a policy exclusion for “expected or intended” injuries applies. We conclude that the loss is a covered occurrence and, concomitantly, that the policy exclusion does not apply to the circumstances presented here.
 

 Plaintiff landlords owned a building in which on May 19, 1996, a tenant was murdered by an unknown assailant. On February 10, 1997 decedent’s estate commenced a wrongful death action against plaintiffs by service of a summons and
 
 *144
 
 complaint on the Secretary of State, alleging, among other causes of action, negligent security. Notice of service was forwarded to plaintiffs’ designated agent (their attorney), who, allegedly unbeknownst to plaintiffs, was deceased. On April 8, 1997, counsel representing decedent’s estate informed plaintiffs by letter that, despite service of a summons and complaint several weeks earlier, no response had been received.
 

 Plaintiffs received a copy of the summons and complaint on June 9, 1997 and notified their broker. On June 20, 1997 defendant insurer received the summons and complaint, as well as a notice of occurrence. Defendant disclaimed coverage several weeks later citing provisions in the policy requiring notice “as soon as practicable” of any occurrence, claim or suit brought against the insured. Defendant noted that it did not receive notice of the occurrence until 397 days after the “assault,” nor did it receive notice of suit until 130 days after service of the summons and complaint on the Secretary of State.
 

 Shortly thereafter, plaintiffs commenced this action seeking a declaration that defendant was required to defend and indemnify them in the underlying wrongful death action. Defendant raised five affirmative defenses, the first three based on plaintiffs’ failure to notify defendant as soon as practicable of the occurrence, the lawsuit and the claim. Almost one year later defendant moved to amend its answer to add two affirmative defenses: that there was no covered “occurrence” because the claim was based on an intentional assault; and that a policy exclusion for bodily injuries “expected or intended” applied. Plaintiffs opposed the motion, relying on Insurance Law § 3420 (d) and cross-moved for summary judgment.
 

 Supreme Court granted defendant’s motion and denied plaintiffs’ cross motion. The Appellate Division unanimously modified. The Court denied defendant’s motion to amend, concluding that the wrongful death action was premised on an “occurrence” as defined in the policy and that Insurance Law § 3420 (d) precluded late assertion of the policy’s “expected or intended” exclusion. The Court also granted partial summary judgment to plaintiffs to the extent of dismissing the second and third affirmative defenses (late notice of the lawsuit and claim). We agree with the Appellate Division’s conclusion that defendant should not have been permitted to amend its answer. However, questions of fact remain as to whether plaintiffs notified defendant of their claim as soon as practicable and we therefore modify the Appellate Division order.
 

 
 *145
 
 The policy at issue covers bodily injury and property damage only if caused by an “occurrence” that takes place on the covered premise while the policy is in effect. An “occurrence,” as defined by the policy, is “an accident.” The policy also excludes claims for bodily injury and property damage that is “expected or intended from the standpoint of the insured.” The policy does not provide an assault and battery exclusion. Finally, the policy states that defendant must be notified “as soon as practicable” of any occurrence, suit or claim that may be filed against the insured.
 

 Several fundamental principles of insurance law come into play in this appeal. It is well established that the duty of an insurer to defend is broader than its duty to indemnify. The duty to defend arises whenever the allegations in the complaint against the insured fall within the risks covered by the policy. If, liberally construed, the complaint is within the embrace of the policy, the insurer must come forward to defend its insured
 
 (see, Ruder & Finn v Seaboard Sur. Co.,
 
 52 NY2d 663, 670).
 

 In
 
 Miller v Continental Ins. Co.
 
 (40 NY2d 675) this Court articulated the rule for determining whether a loss is the result of an accident or an intentional act as those terms are commonly used in insurance policies. The term “accident” is broadly defined in our jurisprudence, utilizing an average person standard
 
 (see, id.,
 
 at 676). As we noted in
 
 Miller,
 
 true “accidents,” taken literally, may be rare occurrences. Indeed, “ ‘in the strictest sense and dealing with the region of physical nature there is no such thing as an accident’ ”
 
 (id.,
 
 at 676, citing
 
 Landress v Phoenix Mut. Life Ins. Co.,
 
 291 US 491, 499 [Cardozo, J., dissenting]). Thus, we concluded that, in deciding whether a loss is the result of an accident, it must be determined,
 
 from the point of view of the insured,
 
 whether the loss was unexpected, unusual and unforeseen
 
 (Miller v Continental Ins. Co.,
 
 40 NY2d 675, 677,
 
 supra
 
 [emphasis supplied]). Moreover, if a coverage exclusion is intended that is not apparent from the language of the policy, it is the insurer’s responsibility to make its intention clearly known
 
 (id.,
 
 at 678 [citations omitted]).
 

 Applying these age-old principles here, we conclude that the murder constitutes an accident for purposes of determining defendant’s obligations to its insured. The pleadings in the underlying action set forth a claim of negligent security, demonstrating that the incident was unexpected, unusual and unforeseeable
 
 from the insureds’ standpoint.
 
 Thus, the incident is a covered “occurrence” under the express terms of the policy.
 

 
 *146
 
 Similarly, defendant cannot avail itself of the policy exclusion since that exclusion applies only to bodily injuries that are “expected or intended from the standpoint of the insured.”
 
 *
 
 It cannot seriously be argued that the murder was intended from plaintiffs’ standpoint. Indeed, although the murder is, for liability purposes, intentional from the standpoint of the assailant, its cause as set forth in the underlying complaint constitutes an accident from the standpoint of the insured, i.e., negligent security.
 

 Mount Vernon Fire Ins. Co. v Creative Hous.
 
 (88 NY2d 347) is easily distinguishable. In
 
 Mount Vernon
 
 the insurer commenced a declaratory judgment action to disclaim coverage under a specific assault and battery exclusion contained in the policy. The exclusion unambiguously provided that no coverage “shall apply under this policy for any claim * * * based on Assault and Battery, and Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the insured”
 
 (see, id.,
 
 at 350). The question before the Court was whether the victim’s claim against the insured was based on assault or negligent failure to maintain safe premises if a third party perpetrates an assault. The Court concluded, based on the policy before it, that if no cause of action would exist “but for” the assault, it was immaterial whether the assault was committed by the insured, an employee of the insured or by a third party
 
 (see, id.,
 
 at 353). Here the insurance policy does not contain an “assault and battery” exclusion;
 
 Mount Vernon
 
 does not apply.
 

 Finally, the Appellate Division was correct in concluding that a question of fact exists regarding the first affirmative defense alleging that plaintiffs failed to notify defendant as soon as practicable of the May 19, 1996 occurrence. Nonetheless, the Court erred in granting summary judgment on the second and third affirmative defenses alleging that plaintiffs failed to notify defendant “as soon as practicable” of service of the summons and complaint upon them and the claim against them. Service was made upon the Secretary of State and notice of service was mailed to plaintiffs’ designated agent in February 1997; plaintiffs received a follow-up letter in April 1997
 
 *147
 
 advising them of the suit. Plaintiffs, however, did not notify defendant of the suit or that a claim may be filed until June 1997. Thus, a triable issue of fact exists regarding defendant’s second and third affirmative defenses.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating defendant-appellant’s second and third affirmative defenses, and, as so modified, affirmed. The certified question should be answered in the negative.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order modified, etc.
 

 *
 

 The Appellate Division concluded that the exclusion could not be used as an affirmative defense because of its late assertion and the strictures of Insurance Law § 3420 (d). We agree. However, since the exclusion also is directed at liability arising out of the intentional conduct of the insured, our analysis of coverage under the “occurrence” provision of the policy corresponds to an analysis of the exclusion.