■ KRISTEN FAAS, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [722 NYS2d 173] —In an action for a judgment declaring that the defendant is obligated to indemnify its insureds, Dan Adam and Corinne Adam, in an underlying action entitled *Faas v Adam,* pending in the Supreme Court, Dutchess County, under Index No. 5174/95, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 13, 2000, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment, (2) a judgment of the same court, entered April 26, 2000, which declared that it is obligated to indemnify Dan Adam and Corinne Adam in the underlying action, and (3) so much of an order of the same court, dated September 8, 2000,

as denied its motion, denominated as one for leave to renew and reargue, but which was, in effect, for leave to reargue. The notice of appeal from the order dated March 13, 2000, is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order dated March 13, 2000, is dismissed; and it is further,

Ordered that the appeal from the order dated September 8, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the order dated March 13, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant's motion, denominated as one for leave to renew and reargue, was allegedly based on new evidence. In fact, with reasonable diligence, the evidence could have been submitted in opposition to the plaintiff's original cross motion. Therefore, that motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see,* CPLR 2221 [e] [3]; *see also, Matter of Eagle Ins. Co. v Lucero,* 276 AD2d 695; *Sallusti v Jones,* 273 AD2d 293; *Nisnewitz v Renna,* 273 AD2d 210; *Bossio v Fiorillo,* 222 AD2d 476).

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment. The defendant's unexplained 42-day delay in disclaiming coverage was unreasonable as a matter of law (*see,* Insurance Law § 3420 [d]; *Colonial Penn Ins. Co. v Pevzner,* 266 AD2d 391; *Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507; *cf., Sphere Drake Ins. Co. v Block 7206 Corp.,* 265 AD2d 78). The additional evidence submitted on the defendant's subsequent motion, in effect, for leave to reargue tends to explain part of this delay. However, as it should have been submitted earlier, this additional evidence cannot be relied upon. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.