■ Utica Mutual Insurance Company, Appellant-Respondent, v CNA Insurance Company, Respondent-Appellant, et al., Defendants. [728 NYS2d 398] —In an action, *inter alia*, for a judgment declaring that the defendant CNA Insurance Company is obligated to indemnify the plaintiff for 50% of the amount of a settlement in an action entitled *Marinelli v Oceanside Knolls*, commenced in the Supreme Court, Nassau County, under Index No. 34471/95, and 50% of the attorney's fee associated with that settlement, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered March 6, 2000, as denied its motion for summary judgment, and the defendant CNA Insurance Company cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment declaring that the defendant CNA Insurance Company is obligated to indemnify the plaintiff for 50% of the amount of the settlement of the underlying action and 50% of the attorney's fee associated with the settlement; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the Supreme Court's determination, there are no issues of fact to resolve regarding the purported reservation of right to disclaim coverage issued by the defendant CNA Insur-

ance Company (hereinafter CNA). CNA failed to timely disclaim coverage pursuant to an exclusion in its policy, and therefore was estopped from doing so later (*see, Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Sphere Drake Ins. v Block,* 265 AD2d 78; *Matter of Aetna Life & Cas. v Boucher,* 238 AD2d 414). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.