■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v JULIE A. Ho et al., Respondents, et al., Defendants. [735 NYS2d 286] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the cross motion of Julie Ann Ho and Joshua Ho (defendants) seeking a declaration that plaintiff has the duty to defend them in the underlying action, defendants may retain independent counsel at plaintiff's expense, and plaintiff shall be liable for costs and reasonable counsel fees associated with the defense of this declaratory judgment action. Plaintiff contends that the underlying occurrence was based on an intentional beating with sticks and bats and therefore falls within a policy exclusion for bodily injury that "is expected or intended by the

insured." In addition, plaintiff contends that the underlying incident is not an occurrence inasmuch as the policy defines an "occurrence" as "an accident."

We reject those contentions. "[I]n deciding whether a loss is the result of an accident, it must be determined, *from the point of view of the insured*, whether the loss was unexpected, unusual or unforeseen" (*Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145). The policy exclusion for "expected or intended" acts must also be viewed from the point of view of the insured in the absence of clear and unambiguous exclusionary language to the contrary (*see, Agoado Realty Corp. v United Intl. Ins. Co., supra,* at 145-146; *cf., Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347). Here, defendants, unlike the other defendants in the underlying action, were not indicted for assault and claimed to have had no part in the subject occurrence. The resulting injuries could not, therefore, have been expected or intended by defendants and from their point of view may be said to have been the result of an accident. Because the duty to defend is broader than the duty to indemnify, the court properly determined that the underlying action against defendants may be "within the embrace of the policy" and that plaintiff must defend defendants therein (*Agoado Realty Corp. v United Intl. Ins. Co., supra,* at 145, citing *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 670, *rearg denied* 54 NY2d 753).

Finally, the court properly denied that part of plaintiff's motion seeking summary judgment on the ground that defendants failed to notify plaintiff of the occurrence "as soon as practicable." There is a question of fact whether the notice given by defendants, less than one week after they were served with the underlying summons and complaint and approximately one year after the occurrence, was as soon as practicable (*see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 16). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Declaratory Judgment.) Present—Green, J. P., Kehoe, Burns, Gorski and Lawton, JJ.