■ TASHARI BLAKE et al., Plaintiffs, v DAILY BUS & TRUCK RENTAL, Defendant and Third-Party Plaintiff-Respondent. PROVIDENCE WASHINGTON INSURANCE COMPANY, Third-Party Defendant-Appellant; INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant-Respondent. [749 NYS2d 900] —In an

action to recover damages for personal injuries, the third-party defendant Providence Washington Insurance Company appeals from an order of the Supreme Court, Kings County (Gigante, J.), dated May 31, 2001, which denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the third-party plaintiff in the main action, granted the motion of the third-party defendant Insurance Company of North America for summary judgment declaring that it is not obligated to defend and indemnify the third-party plaintiff in the main action, and granted the motion of the defendant third-party plaintiff Daily Bus & Truck Rental for summary judgment declaring that Providence Washington Insurance Company is obligated to defend and indemnify it in the main action.

Ordered that the appeal from so much of the order as granted the motion of the third-party defendant Insurance Company of North America is dismissed, as the appellant is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appellant, Providence Washington Insurance Company (hereinafter Providence), argues that the general liability policy which it issued to the defendant third-party plaintiff, Daily Bus & Truck Rental (hereinafter Daily Bus), excluded coverage for the underlying incident, a sexual assault which allegedly took place on a school bus. However, the Supreme Court correctly concluded that the policy at issue does not specifically exclude such coverage (*see Agoado Realty Corp. v United Intl. Ins. Co.,* 95 NY2d 141; *2500 Motel Corp. v Investors Ins. Co. of Am.,* 169 AD2d 604; *see also Town of Massena v Healthcare Underwriters Mut. Ins. Co.,* 98 NY2d 435; *Calvert Ins. Co. v CIGNA Ins. Co.,* 239 AD2d 243). Furthermore, "the allegations in the complaint against the insured fall within the risks covered by the * * * embrace of the policy, [and thus] the insurer must come forward to defend its insured (*see Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663)" (*Agoado Realty Corp. v United Intl. Ins. Co., supra* at 145).

Accordingly, Providence failed to demonstrate its prima facie entitlement to summary judgment dismissing the third-party complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Daily Bus established its prima facie entitlement to summary judgment against Providence. Since no triable issue of fact was raised, the Supreme Court properly granted summary judgment to Daily Bus. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.