PENN-AMERICA GROUP, INC., Respondent, v ZOOBAR, INC., Appellant, et al., Defendants. [759 NYS2d 825] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Mintz, J.), entered March 26, 2002 which, inter alia, denied the motion and cross motion of defendant Zoobar, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of plaintiff, granting the motion of defendant Zoobar, Inc. in part and the cross motions of defendants Zoobar, Inc. and Lynn Spoly in their entirety and granting judgment as follows:

It is adjudged and declared that plaintiff must defend and indemnify defendant Zoobar, Inc. in the Spoly action and as modified the judgment is affirmed without costs.

Memorandum: Defendant Lynn Spoly commenced an underlying action to recover for injuries that she sustained when, following an altercation in a bar, she was thrown or dropped to the sidewalk outside the bar by a bouncer employed by defendant Zoobar, Inc. (Zoobar), the bar owner. Plaintiff, Penn-

America Group, Inc. (Penn-America), Zoobar's liability insurance carrier, initially undertook the defense of Zoobar in the Spoly action but thereafter commenced this action seeking a judgment declaring that it has no duty to defend or indemnify Zoobar in the Spoly action, based on an assault and battery exclusion contained in the insurance policy. Zoobar initially moved for summary judgment declaring that Penn-America must defend Zoobar in the Spoly action, and further seeking to dismiss or stay as "premature" that part of the complaint that concerned the duty of indemnification. Penn-America cross-moved for summary judgment declaring that there is no coverage for the incident at issue, and Zoobar and Spoly each cross-moved for summary judgment declaring that Penn-America must defend and indemnify Zoobar in the Spoly action.

Supreme Court erred in granting Penn-America's cross motion. Instead, the court should have granted that part of the initial motion of Zoobar seeking a declaration that Penn-America must defend it in the Spoly action and should have granted the cross motions of Zoobar and Spoly in their entirety, based on Penn-America's failure to give written notice disclaiming coverage under the assault and battery exclusion "as soon as * * * reasonably possible," as required by Insurance Law § 3420 (d).

The insurance policy generally affords coverage for claims of bodily injury "caused by an 'occurrence,' " defined as "an accident." Under the policy, bodily or personal injury "resulting from assault and battery or physical altercations that occur in, on, or near the insured's premises" are excluded from the foregoing coverage. Here, as conceded by Zoobar, the underlying incident falls within the assault and battery exclusion of the policy (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 351-353 [1996]; U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]; McNichol Enters. v First Fin. Ins. Co., 284 AD2d 964, 965 [2001]; Sphere Drake Ins. Co. v Block 7206 Corp., 265 AD2d 78, 81-82). Nonetheless, we note that the incident likewise falls within the policy's general coverage for claims of personal injury arising out of an accidental occurrence (see Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145-146 [2000]; Blake v Daily Bus & Truck Rental, 299 AD2d 441, 442 [2002]; Liberty Mut. Ins. Co. v Ho, 289 AD2d 1051, 1052 [2001]; Sphere Drake Ins. Co., 265 AD2d at 81-82; Park Terrace Arms Corp. v Nationwide Ins. Co., 268 AD2d 297 [2000]). "[D]isclaimer pursuant to [Insurance Law §] 3420 (d) is necessary when denial of coverage is based on a policy exclusion without which the claim would be covered"

(*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]; *see Zappone v Home Ins. Co.*, 55 NY2d 131, 134, 138 [1982]; *see also Handelsman v Sea Ins. Co.*, 85 NY2d 96, 102 [1994], *rearg denied* 85 NY2d 924 [1995]). "Failure to comply with section 3420 (d) precludes denial of coverage based on a policy exclusion" (*Worcester Ins. Co.*, 95 NY2d at 189).

We note that, in concluding that no notice of disclaimer was required, Supreme Court understandably relied on this Court's decision in *Crouse W. Holding Corp. v Sphere Drake Ins. Co.* (248 AD2d 932 [1998], *affd* 92 NY2d 1017 [1998]). However, to the extent that our decision therein may be read to hold that compliance with Insurance Law § 3420 (d) is not required in these circumstances, it is no longer to be followed (*see generally Worcester Ins. Co.*, 95 NY2d at 188-189; *Sphere Drake Ins. Co.*, 265 AD2d at 82-83).

Here, Penn-America never disclaimed or gave notice of its intent to disclaim in writing at any time prior to its commencement of this declaratory judgment action in November 2000. This action was commenced three years after Penn-America first received notice of the incident and of the particular fact that it involved an assault by a bouncer against a bar patron. Such an unexplained delay in disclaiming coverage is unreasonable as a matter of law (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029-1030 [1979], *rearg denied* 47 NY2d 951 [1979]; *Buttenschon v State Farm Mut. Auto. Ins. Co.*, 291 AD2d 864, 865 [2002]; *Nuzzo v Griffin Tech.*, 222 AD2d 184, 188 [1996], *lv dismissed* 89 NY2d 981 [1997], *lv denied* 91 NY2d 802 [1997]; *see also Faas v New York Cent. Mut. Fire Ins. Co.*, 281 AD2d 586, 587 [2001]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]).

We therefore modify the judgment by denying the cross motion of Penn-America, granting the motion of Zoobar in part and the cross motions of Zoobar and Spoly in their entirety, and granting judgment declaring that Penn-America must defend and indemnify Zoobar in the Spoly action. Present— Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.