(June 10, 2003)

■ OMAR SIAGHA, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Respondents, et al., Defendant. [762 NYS2d 46] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered October 17, 2001, which granted defendant insurance companies' cross motion for summary judgment and declared that defendants are not required to pay plaintiff any insurance proceeds in satisfaction of a certain judgment, unanimously reversed, on the law, without costs, defendant insurance companies' cross motion denied, plaintiff's motion granted, and it is declared that defendant insurance companies are obligated to satisfy any judgment obtained by plaintiff against defendant Salant-Jerome up to the extent of coverage provided by the policy.

This declaratory judgment action has its genesis in an action brought by plaintiff for damages sustained when he was attacked by an employee of defendant Salant-Jerome, Inc., doing business as Ruby River Road Café. Plaintiff was assaulted during business hours by a bartender wielding a metal pipe which was kept in plain view behind the bar. This Court construed the complaint as stating a cause of action for negligent supervision (see Siagha v Salant-Jerome, Inc., 249 AD2d 11 [1998], lv dismissed 92 NY2d 946 [1998]) and, after trial, the jury awarded plaintiff $1,187,500 in total damages. On appeal, this Court vacated the award of $350,000 for future medical expenses, remanded the matter for a new trial on that issue alone, and otherwise affirmed (see Siagha v Salant-Jerome, Inc., 271 AD2d 274 [2000], lv denied 96 NY2d 714 [2001]).

The establishment, at the time of the incident, was insured under a commercial general liability insurance policy (the policy) issued by defendant National Union Fire Insurance Company (National) to Salant-Jerome, Inc. The policy applied to "bodily injury" caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to

* Deceased June 1, 2003.

substantially the same general harmful conditions." The policy does not explicitly contain an assault and battery exclusion, but does contain a provision that coverage does not apply to " 'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

National, through nonparty AIG Claim Services, Inc., its authorized representative, informed Salant-Jerome that while National would continue to provide a defense, it reserved its rights with regard to any and all indemnification obligations resulting from the lawsuit. AIG subsequently advised Salant-Jerome that National was disclaiming coverage under the policy based upon Salant-Jerome's failure to provide timely notice of both the occurrence and the lawsuit, as well as upon the policy exclusion for bodily injury intended by the insured.

Plaintiff commenced the within action seeking, inter alia, a declaration that National's disclaimer was improper, and that National was obligated to pay plaintiff any judgment he obtained against Salant-Jerome up to the extent of coverage provided by the policy. Plaintiff thereafter moved, and National cross-moved, for summary judgment. Plaintiff argued that National's disclaimer was untimely pursuant to Insurance Law § 3420 (d) whereas National maintained that the incident was not covered by the policy and, therefore, the duty to disclaim coverage was not triggered. Justice Braun, on March 22, 2001, found that while the disclaimer was untimely as a matter of law, an issue existed as to whether any disclaimer was required, but went no further because the court had not been provided with a copy of the entire policy. Plaintiff renewed his motion for summary judgment on the issue of whether the policy covered the incident in question and, conceding the timeliness issue, National cross-moved on the ground that the underlying event fell outside the parameters of the policy.

The motion court granted National summary judgment and found that the policy excluded plaintiff's claim because his injuries were intentionally caused by an employee who wielded a pipe. Plaintiff appeals and we now reverse.

In *Agoado Realty Corp. v United Intl. Ins. Co.* (95 NY2d 141, 145 [2000]), the Court of Appeals reaffirmed its holding that a court, when deciding "whether a loss is the result of an accident * * * must * * * determine[ ] *from the point of view of the insured*, whether the loss was unexpected, unusual and unforeseen" (emphasis supplied in original, citing *Miller v Continental Ins. Co.*, 40 NY2d 675, 677 [1976]). Since, in this matter, Salant-Jerome's employee was not acting within the scope of his employment, or in any manner on the employer's

behalf when he committed the assault, it was not intended or expected by the insured and is, therefore, a covered occurrence under the policy (*Park Terrace Arms Corp. v Nationwide Ins. Co.*, 268 AD2d 297 [2000]). Moreover, since National has conceded that its disclaimer, which is based upon an exclusion, was untimely, and that the incident otherwise falls within the policy's coverage, National is now precluded from denying coverage based upon that exclusion (*see* Insurance Law § 3420 [d]; *see also Penn-America Group v Zoobar, Inc.*, 305 AD2d 1116 [2003]; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78). Concur—Buckley, P.J., Nardelli, Andrias, Rosenberger and Friedman, JJ.