In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled Lehmann v Shanna Golden, Ltd., pending in the Supreme Court, Queens County, under Index No. 31376/01, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), dated July 29, 2002, as denied its motion for summary judgment and granted the plaintiffs cross motion for summary judgment.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the *587 defendant is not obligated to defend and indemnify the plaintiff in the action entitled Lehmann v Shanna Golden, Ltd., pending in the Supreme Court, Queens County, under Index No. 31376/ 01.
The defendant issued a general liability insurance policy with a liquor liability endorsement to the plaintiff, a restaurant owner. The general liability portion of the policy excludes coverage, among, other things, for assault and battery “whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper . . . supervision of . . . patrons or guests and negligence in failing to protect customers, patrons or guests.” The liquor liability endorsement provides coverage for damages “sustained by any person if such liability is imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises.” The endorsement lists three exclusions, none relevant here, which “are added to the exclusions section of the General Liability Coverage” (emphasis supplied). The liquor liability endorsement does not specifically include an assault and battery exclusion, but the endorsement is expressly made “subject to the terms contained in the General Liability Coverage.” The word “terms,” as used in the policy, “means provisions, limitations, exclusions, definitions and conditions” (emphasis supplied).
Michael Lehmann, a customer at the plaintiff’s restaurant, was shot by Daniel Vergez, a fellow patron, who allegedly was intoxicated. Lehmann subsequently commenced an action against Vergez and the plaintiff alleging, among other things, a Dram Shop Act cause of action against the plaintiff (see General Obligations Law § 11-101). After the defendant disclaimed coverage based on the assault and battery exclusion, the plaintiff commenced this action seeking, among other things, a judgment declaring that the defendant is obligated to defend and indemnify it in the underlying action. The Supreme Court denied the defendant’s motion for summary judgment and granted the plaintiff’s cross motion for summary judgment, concluding that the defendant is obligated to defend and indemnify the plaintiff. We reverse.
Contrary to the plaintiffs contention, the assault and battery exclusion is applicable to the liquor liability coverage as well as to the general liability coverage. “[I]n construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in *588 full force and effect except as altered by the words of the endorsement” (County of Columbia v Continental Ins. Co., 83 NY2d 618, 628 [1994]). The liquor liability endorsement expressly provides that it is subject to all the terms of the policy, which, by definition, includes the policy exclusions. The endorsement further provides that the exclusions listed therein are added to the general liability coverage exclusions; they do not replace the general exclusions. Pursuant to the clear and unambiguous terms of the policy and endorsement, the assault and battery exclusion applies to the liquor liability endorsement. Consequently, the defendant has no duty to defend or indemnify the plaintiff (see County of Columbia v Continental Ins. Co., supra; Sphere Drake Ins. Co. v Block 7206 Corp., 265 AD2d 78, 79-80). Altman, J.P, McGinity, Luciano and H. Miller, JJ., concur.