ESSEX INSURANCE COMPANY, Appellant, v ANDREW ZWICK et al., Respondents. [811 NYS2d 831]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered September 7, 2004. The order, inter alia, denied plaintiff's motion seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking judgment declaring that it has no duty to defend or indemnify defendants T-Birds Nightclub and Restaurant, Inc. (T-Birds), AGA Development Corp. and Kenneth Holdsworth in a personal injury action commenced against them by defendant Andrew Zwick. Supreme Court properly denied plaintiff's motion seeking summary judgment. The commercial general liability policy issued to T-Birds by plaintiff provides coverage for bodily injury caused by an "occurrence," which is defined as "an accident." "[F]rom the point of view of [T-Birds,] the insured" (*Miller v Continental Ins. Co.*, 40 NY2d 675, 677 [1976]), the incident resulting in injury to Zwick "was unexpected, unusual or unforeseen" (*American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49, 53 [2000]; *see Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]), and thus falls within the policy's coverage for claims of bodily injury arising out of an accidental occurrence (*see Penn-America Group v Zoobar, Inc.*, 305 AD2d 1116, 1117 [2003], *lv denied* 100 NY2d 511 [2003]; *see also Liberty Mut. Ins. Co. v Ho*, 289 AD2d 1051 [2001]). Further, plaintiff failed to establish as a matter of law that the assault and/or battery exclusion applies to the conduct of Holdsworth, a bouncer employed by T-Birds, in restraining

Zwick (*see Anastasis v American Safety Indem. Co.*, 12 AD3d 628, 630 [2004]; *Essex Ins. Co. v T-Birds Nightclub & Rest.*, 229 AD2d 919, 920 [1996]). Even assuming, arguendo, that the assault and/or battery exclusion applies, however, we conclude that plaintiff failed to establish as a matter of law that its delay in providing notice of disclaimer of coverage was reasonable (*see generally Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477, 479 [2005]; *Matter of Eagle Ins. Co. [Morel]*, 202 AD2d 1064 [1994]. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.