**Aspen Specialty Ins. Co. v Associated Indus. Ins. Co., Inc.**

2024 NY Slip Op 34552(U)

December 26, 2024

Supreme Court, New York County

Docket Number: Index No. 656912/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. NICHOLAS W. MOYNE** | **PART** | **41M** |

*Justice*

-------------------------------------------------------------------------X

ASPEN SPECIALTY INSURANCE COMPANY, FALLS
LAKE NATIONAL INSURANCE COMPANY, HDI GLOBAL
SPECIALTY SE

                              Plaintiff,

                           - v -

ASSOCIATED INDUSTRIES INSURANCE COMPANY,
INC.,GREATER NEW YORK MUTUAL INSURANCE
COMPANY, GREEN SKYLINE APARTMENTS, LLC,

                              Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656912/2022 |
| **MOTION DATE** | 01/18/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, it is

   In this action for declaratory relief, plaintiffs Aspen Specialty Insurance Company ("Aspen"), Falls Lake National Insurance Company ("Falls Lake") and HDI Global Specialty SE ("HDI") seek a judicial declaration that defendants Associated Industries Insurance Company ("AIIC") and Greater New York Mutual Insurance Company ("GNY") have a duty to participate in the defense of Green Skyline in an underlying class-action lawsuit filed in Supreme Court, Onondaga County and entitled *Martina S.Carter et.al.v Green Skyline Apartments, LLC*, Index No. 005036/2021. (the "Class Action")   Currently, the plaintiffs are defending Green Skyline in the Class Action and the defendants have disclaimed coverage to Green Skyline in the Class Action. Plaintiffs argue that AIIC and GNY have a duty to defend Green Skyline in the underlying Class Action and that AIIC and GNY must reimburse the plaintiffs for their pro-rata shares of defense costs incurred to date.  Plaintiffs now move for summary judgment and the defendants cross-move for summary judgment and a declaration that they do not owe a duty to defend or indemnify Green Skyline in the underlying Class Action.

   The complaint in the Class Action alleges that Green Skyline caused damages to its residential tenants by breaching the warranty of habitability and the covenant of quiet enjoyment.  Specifically, the Class Action complaint alleges that Green Skyline failed to provide adequate security for the building and that tenants were regularly harassed ,

**656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. ET AL**
**Motion No.  001**

Page 1 of 7

1 of 7

assaulted, robbed and in at least one instance, raped and murdered as a result of Green Skyline's failure to provide adequate security. The Class Action complaint also alleges that the building is in a general state of disrepair and is in a dangerous and unsanitary condition due to the lack of adequate security, trash and human waste in the building's common areas and/or non-working elevators. The Class Action complaint alleges that Green Skyline had notice of these conditions but either failed to correct them or allowed them to remain uncorrected for months or years at a time.

AIIC issued a commercial general liability policy to Green Skyline, for the policy period February 8, 2017 to February 8, 2018 and also issued a commercial general liability policy to Green Skyline, for the policy period February 8, 2018 to February 8, 2019 and both policies have limits of $1 million each occurrence and $2 million in the aggregate. The AIIC Policies state, in pertinent part:

SECTION I - COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
* * *
(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period

SECTION V - DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES**          **Page 2 of 7**
**INSURANCE COMPANY, INC. ET AL**
**Motion No.  001**

2 of 7

[* 2]

GNY issued a commercial general liability policy to Green Skyline, for the policy period December 1, 2016 to February 8, 2017, and with limits of $1 million each occurrence and $2 million in the aggregate ("GNY Policy") The GNY Policy states, in pertinent part:

SECTION I - COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy period

SECTION V - DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.
* * *
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**DUTY TO DEFEND IN NEW YORK**

In New York, an insurer's duty to defend is triggered "whenever the allegations in the complaint in the underlying action, construed liberally, suggest a reasonable possibility of coverage, or where the insurer has actual knowledge of facts establishing

**656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. ET AL**
**Motion No.  001**

**Page 3 of 7**

3 of 7

[* 3]

such a reasonable possibility" (*DMP Contr. Corp. v Essex Ins. Co.*, 76 AD3d 844, 845 [1st Dept 2010]). "[T]he duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest ... a reasonable possibility of coverage' " (*Auto. Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006], quoting *Continental Cas. Co. v Rapid-Am. Corp.*, 80 NY2d 640, 648 [1993]). "When an insurer seeks to disclaim coverage on the ... basis of an exclusion, ... the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (id. [quotation marks omitted]; *see Continental Cas.*, 80 NY2d at 655 ["the duty to defend is broader than the duty to pay, requiring each insurer to defend if there is an asserted occurrence covered by its policy"]). Moreover, "exclusions are subject to strict construction and must be read narrowly" (*Cook*, 7 NY3d at 137).

As set forth above, the complaint in the underlying Class Action seeks compensatory damages and contains allegations of class plaintiffs' "bodily injury" (emotional distress, fear and anxiety) caused by "occurrences", i.e., repeated exposure to the same harmful conditions, giving rise to a duty to defend Green Skyline. The GNY and AIIC policies both define occurrences as "an accident, including continuous or repeated exposure to the same general harmful conditions." Allegations of bodily injury from dangerous conditions at an apartment building are occurrences under the subject polices and compel the insurers to provide a defense to those claims (*see Agoado Realty Co. v United Intl. Ins. Co.*, 95 NY2d 141, 145-146 [2000]; *Park Terrace Arms Corp v Nationwide Insurance Co.*, 268 AD2d 297, 297 [1st Dept 2000]).

The allegations in the Class Action that claimants experienced emotional distress, fear and anxiety as a result of the lack of security at Green Skyline constitute "bodily injury" within the meaning of the AIIC and GNY policies and thus give rise to a duty to defend Green Skyline pursuant to those policies. Bodily injury, as that term is commonly used in a commercial general liability policy includes claims for emotional distress resulting from the insured's negligent conduct, even where no physical injury or contact is involved or alleged (*see Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 630-631 [1992]). In *Lavanant*, the underlying plaintiff sued his landlord after a ceiling collapsed in his apartment. The Court of Appeals held that there was coverage available for damages awarded by the jury for negligence and breach of the warranty of habitability due to the "purely mental injury" sustained by the underlying plaintiff. (*Id* at 630). That holding has been applied to other claims for emotional distress caused by a landlord's negligence and/or breach of the warranty of habitability and there is no reason why it should not govern here (*see Gissim Inc. v Scottsdale Ins. Co.*, 2018 WL 5830812 [E.D.N.Y. 2018]).

In opposition to the plaintiff's motion and in support of their cross-motion for summary judgment, defendants argue that in order to trigger coverage and/or a duty to defend under their commercial general liability insurance policies, the underlying complaint must not only merely allege bodily injuries but also seek damages that would compensate directly for those injuries. Here, the only compensatory damages for

656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES       Page 4 of 7
INSURANCE COMPANY, INC. ET AL
Motion No.  001

[* 4]

breach of the warranty of habitability sought in the Underlying Action are for rent abatement and/or rent credit and not for direct compensation for any bodily injury (including emotional distress) allegedly sustained by any of the Class Action Plaintiffs. Defendants argue this defeats the coverage claim and establishes that there is no duty to defend under the AIIC and GNY policies. Defendants' position is directly contradicted by the holdings in *Lavanant* and *Gissim* and is not otherwise supported by New York caselaw. [1] Defendant's attempts to distinguish or minimize the holdings of *Lavanant* and *Gissim* are not persuasive.

The Class Action complaint seeks damages — rent abatement, compensatory damages and attorneys' fees - because of "bodily injury" caused by an "occurrence" within the meaning of the Defendants' policies, giving rise to a duty to defend owed by AIIC and GNY to Green Skyline. That the compensatory damages sought by the class are for rent abatements or credits based on a cause of action for breach of the implied warranty of habitability under New York Real Property Law § 235-b does not take it out of the scope of coverage of the AIIC and GNY policies. The holding in *Lavanant* makes it clear that claims for rent abatement and breach of the warranty of habitability can be covered under a standard commercial liability policy such as the ones at issue here even if the requested relief is something other than straight monetary compensation for those covered injuries. It is the nature of the injury not the type of relief sought that is relevant here. Class plaintiffs' allegations are that the Green Skyline property had conditions that breached the warranty of habitability and that those same conditions caused them to experience fear, emotional distress and anxiety. That the remedy sought is, at least in part, because of' that emotional distress and fear, is clear from any fair reading of the complaint filed in the Class Action. Damages of emotional distress, fear and anxiety trigger a defense in the Class Action under AIIC's and GNY's policies.

Both *Lavanant* and *Gissim* are on point and support the plaintiff's contentions. Again, the duty to defend in New York is extremely broad and goes beyond what the

---

[1] Defendants tacitly acknowledge that New York law does not support their position by citing to cases from other jurisdictions such as North Carolina and South Carolina (*See Oakridge Assocs., LLC v. Auto-Owners Ins.* Co., 2011 WL 468267 [W.D. N.C. Feb. 4, 2011] [finding CGL insurer had no duty to defend insured homeowner against tenant's breach of-warranty-of-habitability claim despite allegations of health hazards posed by the house's condition because damages were sought only in the form of rent abatement, not compensation for bodily injury or property damage, which were alleged to "merely illustrate the factual basis of the claim for rent abatement"]; *U.S. Fid. & Guar. Co. v. Ellett Bros., Inc.,* 2003 WL 22519471 *8 [D. S.C. Mar. 5, 2003] [finding CGL insurer had no duty to defend insured firearms distributor against claim by State of New York for public nuisance based on insured's contribution to volume of illegal guns in the state even though complaint referenced bodily injury and property damage resulting from gun use because such facts were alleged only "as evidence of problems caused by the nuisance]). See, e.g., Oakridge Assocs., LLC v. Auto-Owners Ins. Co., No. 3:10-CV-00145, 2011 WL 468267 (W.D. N.C. Feb. 4, 2011) (finding CGL insurer had no duty to defend insured homeowner against tenant's breach of-warranty-of-habitability claim despite allegations of health hazards posed by the house's condition because damages were sought only in the form of rent abatement, not compensation for bodily injury or property damage, which were alleged to "merely illustrate the factual basis of the claim for rent abatement"); U.S. Fid. & Guar. Co. v. Ellett Bros., Inc., No. 3:00-3691-24, 2003 WL 22519471 *8 (D. S.C. Mar. 5, 2003) (finding CGL insurer had no duty to defend insured firearms distributor against claim by State of New York for public nuisance based on insured's contribution to volume of illegal guns in the state even though complaint referenced bodily injury and property damage resulting from gun use because such facts were alleged only "as evidence of problems caused by the nuisance")

**656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES**          **Page 5 of 7**
**INSURANCE COMPANY, INC. ET AL**
**Motion No.  001**

5 of 7

insurer might be expected to have to indemnify at the conclusion of the underlying lawsuit.  The cases cited by the plaintiff make it evident that where a complaint for breach of warranty of habitability and/or breach of the covenant of quiet enjoyment alleges physical or emotional injury, for insurance coverage purposes, it is irrelevant what the causes of action are, whether any claims for negligence are asserted and/or whether the only damages sought are in the nature of an abatement for past and/or future rent.  Plaintiffs also persuasively argue that breach of warranty of habitability and/or breach of quiet enjoyment claims that are alleged to have resulted in bodily injury should be covered under commercial general liability policies for the same reasons other breach of contract and/or warranty claims have been covered where the allegations plead "bodily injury" or "property damages" caused by occurrences.  The complaint in the Class Action makes numerous allegations of emotional distress , fear and anxiety allegedly caused by Green Skyline's breaches, all of which are covered by the subject policies .  Defendants do not claim that there are any other exclusionary clauses in the policies that would apply here.

The fact that the plaintiffs in the underlying Class Action also seek damages such as rent abatement for a breach of warranty of habitability does not diminish the defendants' duty to defend even if, assuming a breach of the warranty of habitability is proven, that breach does not result in a duty to indemnify. (*see Gissim*, 2018 WL 5830812 at *4; *Specialty Nat. Ins. Co. v English Bros. Funeral Home*, 606 Fsupp2s 511, 521 [S.D.N.Y. 2014]).  As long as the underlying Class Action complaint includes any facts or grounds that may bring the action within the afforded protection, the duty to defend is triggered at the onset of the litigation and an insurer must defend the entire action if any claims appear to be covered.  Such is the case here.  The AIIC and GNY policies do not require that the damages sought to be recovered by the underlying plaintiffs in the Class Action must compensate for "bodily injury" or "property damage," but rather merely that the damages sought are the result of' such injuries. The Class action plaintiffs are clearly alleging, at least in part, that the unsafe conditions in the building, including murder, rape , assault and frequent drug use, caused fear and emotional distress because of' the emotional distress/bodily injury they allegedly suffered as tenants at Green Skyline. As a result, the building was rendered uninhabitable, and the underlying plaintiffs seek rent abatement as a result.  These allegations are sufficient to trigger the duty to defend under the AIIC and GNY policies.

Accordingly, the plaintiffs' motion for summary judgment is granted and the defendants cross-motion for summary judgment is denied.  It is hereby declared that defendants AIIC and GNY have a duty to defend Green Skyline in the underlying Class Action and must reimburse plaintiffs for their allocated share of the attorneys' fees, costs and disbursements incurred in the defense of Green Skyline in the underlying Class Action.

2024122614275900MONNECE60D50FC58241F495F36B918FE158AE

**12/26/2024**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

**656912/2022   ASPEN SPECIALTY INSURANCE COMPANY ET AL vs. ASSOCIATED INDUSTRIES         Page 6 of 7**
**INSURANCE COMPANY, INC. ET AL**
**Motion No.  001**