■ RAMON RAMOS et al., Respondents, v NATIONAL CASUALTY COMPANY, Appellant. [642 NYS2d 290] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about June 27, 1994, which, *inter alia*, granted the motion of plaintiffs' assignee for summary judgment to the extent of referring the issue of whether defendant had properly disclaimed insurance coverage to a Judicial Hearing Officer to hear and report, and order of the same court and Justice entered November 28, 1994, which granted plaintiffs' motion to confirm the finding and conclusions of the Judicial Hearing Officer, and thereupon, granted plaintiffs' motion for summary judgment and denied defendant's cross motion for summary judgment, unanimously affirmed, with costs.

The duty of an insurer to defend is broader than its duty to indemnify (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 669). Where, as here, the claim, as pleaded within the "four corners of the complaint" in the underlying action, falls within the scope of the insurance policy, the insurer must provide a defense (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648), unless a court directs otherwise (*see, Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6). An insurer with a duty to defend which refuses to do so is bound by the court's determination of the underlying action and cannot thereafter collaterally attack the judgment or raise defenses with respect to its merits (*Matychak v Security Mut. Ins. Co.*, 181 AD2d 957, 958-959, *lv denied* 80 NY2d 758). Defendant insurer's refusal to defend herein caused it to be bound by the finding in the

underlying action that the injured party was not an employee of its insured, so that defendant could not now raise the issue of employment status. Further, as the claim in the underlying personal injury action, as pleaded, fell within the scope of defendant's policy, defendant's disclaimer was plainly improper. We note that, even if the employment claim could now be raised, defendant's proof, based on unsworn statements and information obtained by its investigators, was not in admissible form and was therefore insufficient to defeat plaintiffs' motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.