■ ESMERALDO DEJESUS PEREZ, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Defendant. (And Another Action.) NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v CRUM & FORSTER INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [754 NYS2d 635] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 25, 2001, inter alia, declaring that third-party defendants are obligated to defend and indemnify third-party plaintiff Housing Authority in the instant action for personal injuries, unanimously affirmed, with costs.

Plaintiff alleges that he was scalded in a Housing Authority apartment by hot water and steam that suddenly released from a radiator valve. It appears that in January 1996 the Housing Authority and third-party defendant contractor entered into a contract for the testing and replacement of radiator valves and traps in the building where plaintiff was injured; that the contractor, in compliance with the contract, procured liability insurance covering the Housing Authority for the contractor's negligent acts; that the contractor replaced the radiator valve in the subject apartment in June 1996; that plaintiff was injured in November 1996; and that in December 1996, the contractor, pursuant to the contract, completed tests designed to assure that the new valves and traps were properly installed. Third-party defendant insurers argue that the policies they issued to the contractor cover the Housing Authority only for the contractor's "ongoing operations" under the subject contract, and that an issue of fact exists as to whether the contractor's work was "ongoing" at the time of the accident. Under any plain meaning of the word, the contractor's work was "ongoing" as long as the tests designed to assure proper performance remained undone. The insurers' meritless claim that coverage is not available because the radiator had already been put to its "intended use" is improperly raised for the first time on appeal, and we decline to consider it. We have considered and rejected the insurers' other arguments. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.