■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v STATE INSURANCE FUND, Appellant. [795 NYS2d 195]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about June 23, 2003, which granted plaintiff's motion for summary judgment, denied defendant's motion for summary judgment dismissing the complaint, and declared, inter alia, that defendant was obligated to reimburse plaintiff for one half the costs and disbursements incurred in the settlement of the underlying personal injury action, unanimously reversed, on the law, with costs, plaintiff's motion denied, defendant's motion granted and a declaration made that defendant is not obligated to reimburse plaintiff for any portion of the settlement of the underlying claim and the costs and

disbursements incurred therein, and the complaint otherwise dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In this declaratory judgment action, plaintiff insurer, National Union, sought reimbursement for one half the costs and disbursements incurred in the settlement of an underlying personal injury action brought by an injured employee. Plaintiff was the insurer under a commercial general liability (CGL) policy for all defendants as well as the insurer for the nonparty employer, Septic Systems. It also insured Septic under a separate employers' liability and workers' compensation policy. Septic was a subcontractor on New York City public school renovations. Septic's employee was injured on January 28, 1992 in a fall from a ladder, and commenced litigation in March 1994. National Union defended the litigation for all nongovernmental defendants.

The State Insurance Fund had issued an employers' liability and workers' compensation policy to Septic Systems for "damages . . . for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of bodily injury to your employee." The policy also required prompt notification of all notices, demands and legal papers related to such claim or suit.

It is undisputed that Septic Systems never notified defendant of any claim or suit. National Union failed to notify defendant of the Septic employee's personal injury litigation until completion of all discovery and the filing of a note of issue in February 1997. National Union further delayed providing the pleadings in response to defendant's request for all relevant documents until September 18, 1997, long after an April 15, 1997 grant of partial summary judgment in favor of Septic's employee against the prime defendants, the owner, general contractor and project manager. National Union settled the litigation a few weeks later on behalf of Septic, a nonparty to the litigation, and only then informed defendant that it had done so under its employers' liability policy covering Septic and demanded defendant's position on coinsurance of the "claim." In the present action, the IAS court granted plaintiff's motion for summary judgment, essentially on the ground that defendant had failed to give timely notice of a disclaimer of coverage.

While the duty to defend is broader than the duty to indemnify, there is no duty unless there is a covered loss (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 423 [1985]). Defendant's insured, Septic, was never sued or

impleaded into the litigation brought by Septic's employee. No claim was ever made against Septic. The decision to allocate the settlement to one insured, not a party to the litigation, rather than its other insureds, parties to the litigation and against whom an award of summary judgment on liability had already been granted, was improper. In structuring the settlement to ignore its CGL policy and to allocate the payment to its employers' liability policy on behalf of a party against whom no claim had been made, National Union acted as a volunteer. It had no obligation to make a payment on behalf of Septic. Since defendant's coverage was never triggered by a claim or suit, defendant was not required to make a timely disclaimer of coverage to National Union (*see Zappone v Home Ins. Co.*, 55 NY2d 131, 137 [1982]). Nor did it have a duty to indemnify its insured or participate in coinsurance with National Union. In any event, defendant's disclaimer, given less than 30 days after receipt of the pleadings and less than two weeks after notification of the settlement of the underlying action, was timely. In light of the foregoing, we do not reach the other issues presented. Concur—Buckley, P.J., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.