■ HAROLD B. EHRLICH, Appellant-Respondent, v GEORGE A. HAMBRECHT et al., Respondents-Appellants. [797 NYS2d 471]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered February 2, 2005, awarding plaintiff, after a jury trial, the principal sum of $689,882.40 on his claim for breach of contract, plus $3,105.92 in miscellaneous damages, and bringing up for review an order, same court and Justice, entered January 7, 2005, which, inter alia, granted defendants' motion to set aside that portion of the verdict additionally awarding plaintiff the principal sum of $3,378,414 in compensatory damages and $1 million in punitive damages on his conversion claim, denied their motion insofar as it sought to set aside the verdict on the breach of contract claim and for a new trial, and denied plaintiff's motion insofar as it sought to extend a preliminary injunction, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action by a shareholder of a closely held corporation against the other shareholder, alleging the diversion of the contractual right to certain fees, the trial court correctly set aside the verdict and dismissed the conversion claim. There is no necessity to engage in conflict of laws analysis (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 223 [1993]; *SNS Bank v Citibank,* 7 AD3d 352, 354 [2004]), since plaintiff's claim was derivative under the law of both Delaware (*see Tooley v Donaldson, Lufkin & Jenrette, Inc.,* 845 A2d 1031, 1035-1036 [Del 2004]) and New York (*Glenn v Hoteltron Sys.,* 74 NY2d 386 [1989]; *Zissimatos v United States Trust Co. of N.Y.,* 10 AD3d 587 [2004], *lv denied* 4 NY3d 710 [2005]). The exception for claims based on an independent duty owed to the plaintiff is not implicated (*cf. Herbert H. Post & Co. v Sidney Bitterman, Inc.,* 219 AD2d 214, 225 [1996], *and Venizelos v Oceania Mar. Agency,* 268 AD2d 291 [2000]). The foregoing renders plaintiff's other contentions relating to the conversion claim academic, and we decline to reach them.

Defendants' contention that the verdict on the contract claim was the product of confusion and prejudice is unsupported by the record. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur— Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.