■ 239 EAST 79TH OWNERS CORP., Appellant-Respondent, v LAMB 79 & 2 CORP., Respondent-Appellant. [818 NYS2d 194]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 26, 2003, which, to the extent appealed from as limited by the briefs, denied the parties' respective motions for summary judgment, unanimously modified, on the law, plaintiff's motion granted for summary judgment on its claim for breach of contract, defendant's counterclaim dismissed, the matter remanded for a determination of the amount due and owing plaintiff since January 22, 1997, and otherwise affirmed, with costs in favor of plaintiff.

Plaintiff, a residential cooperative corporation, leased its commercial space to defendant, which in turn subleased to three commercial entities. When defendant refused to pay to plaintiff any portion of the real estate tax escalations it had received from the subtenants, plaintiff sued for breach of a contract provision that included in the rent "all escalations and adjustments and other compensation actually paid," except for "water meter charges and similar reimbursements." Issue was joined on whether the real estate tax escalations collected by defendant from its subtenants were the sort of reimbursements excluded from the calculation of annual rent.

Where parties to a contract have set down their agreement in a clear and complete document, such writing should be enforced according to its terms (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Whether a contract is ambiguous is a question of law to be resolved by the court (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). Such ambiguity exists only where the provision in controversy is reasonably or fairly susceptible of different interpretations or may have two or more different meanings, although the mere assertion by a party that contract language means something other than what it clearly says is not sufficient to raise a triable issue of fact (*see Feldman v National Westminster Bank*, 303 AD2d 271 [2003], *lv denied* 100 NY2d 505 [2003]).

Here, not only are real estate tax escalations not similar to water meter charges, but it is unreasonable to suppose that the parties expressly included "all escalations" and, at the same time, excluded what appears to be the only known escalation. Indeed, a review of the clause in question does not reveal any genuine ambiguity, so that there is no occasion to consider the parties' course of conduct (*see Continental Cas. Co. v Rapid-*

*American Corp.*, 80 NY2d 640, 651 [1993]). Therefore, plaintiff is entitled to summary judgment on its breach of contract cause of action for amounts that came due on or after January 22, 1997, i.e., within six years of the commencement of this action.

The motion court should also have granted plaintiff's request to dismiss defendant's counterclaim for a refund of monies improperly paid to plaintiff. Plaintiff's certified public accountant, in his affidavit supported by documentary evidence, stated that defendant had been properly credited for all applicable tax abatements, rebates and credits, and defendant failed to present any evidence to the contrary. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.