WAUSAU UNDERWRITERS INSURANCE COMPANY and Town Square Mall Associates, LLC, Plaintiffs–Appellees,

v.

CINCINNATI INSURANCE COMPANY, Defendant–Appellant.

No. 06–1098–CV.

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Anthony J. Piazza (Joseph A. Wilson, of counsel), Hiscock & Barclay, LLP, Rochester, NY, for Appellant.

Marshall T. Potashner, Jaffe & Asher LLP, New York, NY, for Appellees.

Present JOHN M. WALKER, JR., PIERRE N. LEVAL and GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendant-appellant Cincinnati Insurance Company ("Cincinnati") appeals a February 21, 2006, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) granting summary judgment in favor of plaintiffs-appellees Town Square Mall Associates, LLC ("Town Square") and its insurer, Wausau Underwriters Insurance Company ("Wausau"). Cincinnati provided insurance coverage to Masciarelli Construction Company ("Masciarelli"), which was retained by Town Square to plow and salt Town Square's parking lot during the winter of 2003. Cincinnati's insurance contract with Masciarelli provided coverage for an "additional insured," such as Town Square, "but only with respect to liability arising out of [Masciarelli's] ongoing operations performed for that additional insured." Town Square and Wausau claimed that Cincinnati owed a duty to defend and indemnify Town Square in a suit filed by a Town Square patron, who slipped and fell on ice in Town Square's parking lot, because Town Square qualified as an "additional insured" under Cincinnati's policy with Masciarelli. The district court agreed and granted summary judgment in favor of Town Square and Wausau. We assume the parties' familiarity with the remaining facts and the procedural history of the case.

On appeal, Cincinnati argues that the district court erred in two respects. First, Cincinnati argues that Town Square was not entitled to coverage as an "additional insured" under Cincinnati's policy with Masciarelli because the incident that gave rise to the alleged duty to indemnify (the slip-and-fall) did not arise out of Masciarelli's "ongoing operations." Second, Cincinnati argues that Town Square and Wausau failed to establish that the settlement paid

in the underlying action is reasonable under the circumstances.

We review de novo an order granting summary judgment. *Segal v. City of New York,* 459 F.3d 207, 211 (2d Cir.2006). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

■ Cincinnati seeks a narrow definition of the phrase "ongoing operations." In its view, the phrase "connotes actions currently in progress" such as *"active work."* Based on this understanding of the phrase, Cincinnati argues that the slip-and-fall was not related to Masciarelli's "ongoing operations," because it occurred after Masciarelli had plowed and salted the lot. We disagree.

New York courts have not adopted such a narrow definition of "ongoing operations." In *Perez v. New York City Housing Authority,* the Appellate Division for the First Department addressed whether the New York City Housing Authority was an additional insured under an insurance policy issued to a contractor, which provided coverage to an additional insured "only for the contractor's 'ongoing operations' under the subject contract." 302 A.D.2d 222, 222, 754 N.Y.S.2d 635, 636 (1st Dep't 2003). The Housing Authority and a contractor had entered into an agreement "for the testing and replacement of radiator valves and traps" in a Housing Authority building. *Id.* The contractor had replaced a valve in June 1996, an individual was injured by the valve in November 1996, and the contractor had completed testing of the valves in December 1996. *Id.* The First Department held that the accident arose out of the contractor's "ongoing operations," even though the contractor was not actively testing or installing a valve at the time of the accident: "Under any plain meaning of the word, the contractor's work was 'ongoing' as long as the tests designed to assure proper performance remained undone." *Id.*

Cincinnati argues that, if it is required to indemnify Town Square and Wausau, such a holding would effectively render Masciarelli "the guarantor of the safety of the parking lot." Under the salting and plowing agreements, however, Masciarelli was required to prevent standing water from freezing. Given the record before it, the district court did not err in finding that the slip-and-fall accident qualified as a covered loss and that Town Square is an additional insured under Cincinnati's policy with Masciarelli. Accordingly, we agree that Cincinnati is under a duty to indemnify Town Square and Wausau.

■ Cincinnati also argues that, even if it is under a duty to indemnify Town Square and Wausau, the underlying settlement between the injured patron and Town Square is unreasonable. In their motion for summary judgment, the plaintiffs submitted evidence related to the patron's injuries and the amount of the settlement; Cincinnati did not present any evidence in response. Given the seriousness of the patron's injuries and the amount of the settlement, we hold that the settlement is not unreasonable as a matter of law. Because of the absence of evidence creating an issue of fact to the contrary, the district court did not err in holding that Cincinnati had failed to demonstrate a material issue of fact in dispute. Summary judgment was appropriate.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**