NATIONAL ABATEMENT CORP. et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. [824 NYS2d 230]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered on or about April 24, 2006, which, upon reargument, granted defendant insurer's motion for summary judgment and declared that plaintiffs are not entitled to defense and indemnification in an underlying personal injury action, unanimously affirmed, with costs.

There is no need to engage in conflicts of laws analysis absent a conflict between the laws of New York and Pennsylvania with respect to the applicability of basic tenets of contract interpretation in determining whether plaintiffs are covered under the additional insured endorsement (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]; *see e.g. Ehrlich v Hambrecht*, 19 AD3d 259 [2005]). The party claiming insurance coverage bears the burden of proving entitlement (*Kidalso Gas Corp. v Lancer Ins. Co.*, 21 AD3d 779, 780-

781 [2005]), and is not entitled to coverage if not named as an insured or an additional insured on the face of the policy (*Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]). Here, there is additional insured coverage only if such coverage is required by a "written contract," but none existed at the time of the accident underlying this personal injury action. Contrary to plaintiffs' understanding, the fact that an unsigned contract may be enforceable if there is objective evidence the parties intended to be bound or the eventual writing was intended to be valid retroactively (*see e.g. God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Hartman v Baker*, 766 A2d 347, 351, 2000 PA Super 140, ¶ 6-11 [2000], *petition to appeal denied* 564 Pa 712, 764 A2d 1070 [2000]) has no bearing on whether there is a "written contract" pursuant to the policy endorsement. Interpreting the insurance contract under the same principles as any ordinary business contract, we find the subject provision unambiguous, and reasonably susceptible to only one meaning (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]), leaving no occasion to consider parol evidence of the parties' course of conduct (*239 E. 79th Owners Corp. v Lamb 79 & 2 Corp.*, 30 AD3d 167 [2006]).

An additional insured endorsement is an addition, rather than a limitation, of coverage (*Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 84 [1994]). If the claim falls outside the policy's coverage, as does plaintiffs' herein, the insurer is not required to disclaim (*Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 18 AD3d 202, 204 [2005]).

In view of the foregoing, we need not address plaintiffs' other contentions, which are, in any event, unavailing. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.