■ The People of the State of New York, Respondent, v Dwight Cromer, Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.

■ IBEX Construction, LLC, et al., Appellants-Respondents, v Utica National Assurance Company, Respondent-Appellant. [868 NYS2d 652]—

The allegations in the personal injury complaint, and the subsequent trial thereof, make clear that the plaintiff in the underlying action claimed he fell from an improperly secured ladder provided by his employer, defendant's insured and a subcontractor of IBEX. In a post-trial appeal, this Court held that IBEX was liable to the employee, pursuant to Labor Law § 240 (1) (*see Bradley v IBEX Constr., LLC*, 54 AD3d 626, 627 [2008]). Thus, IBEX is an additional insured as defined by the policy, i.e., one "held liable for [the insured's] acts or omissions arising out of . . . ongoing operations performed by [the insured] or [its] subcontractors" (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). Defendant's duty to defend IBEX was triggered by the allegations in the underlying complaint, which brought the claims potentially within the scope of coverage (*id.*). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.