■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK RUTKOWSKI, Appellant. [881 NYS2d 359]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Bruce Allen, J.), rendered on or about July 30, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.

■ NEW YORK CITY HOUSING AUTHORITY, Respondent, v RUTGERS CASUALTY INSURANCE COMPANY, Appellant. [882 NYS2d 89]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered on or about September 23, 2008, which, upon reargument, adhered to its prior order, entered January 18, 2008, inter alia, granting the motion of plaintiff New York City Housing Authority (NYCHA) for partial summary judgment to the extent of declaring that defendant is obligated to defend NYCHA in an underlying personal injury action and directing defendant to reimburse NYCHA for any defense costs expended, unanimously affirmed, without costs.

The motion court properly determined that NYCHA, as an additional insured under the policy defendant issued to NYCHA's contractor, is entitled to a defense from defendant in the underlying action, where it is alleged that the plaintiff fell on construction debris that was negligently placed and allowed to remain at the exterior stairwell at the entrance of a building. Since the allegations of the underlying complaint suggest a reasonable possibility of coverage, defendant is obligated to defend NYCHA in that action (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Contrary to defendant's claim, there are triable issues of fact as to whether the contractor created the alleged defective condition and whether its work was ongoing at the time of the accident (see Perez v New York City Hous. Auth., 302 AD2d 222 [2003]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.