■ TOWN OF FORT ANN et al., Appellants-Respondents, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents-Appellants, et al., Defendants. [893 NYS2d 682]—

Lahtinen, J.

This action involves a dispute over insurance coverage that arose following the failure, on July 2, 2005, of the Hadlock Pond dam, which is owned by plaintiff Town of Fort Ann and had been reconstructed during 2004 and 2005 by defendant Kubricky Construction Corporation. As relevant here, the Town had entered into two contracts, one with Heynan Teale Engineers for engineering services related to the dam project, and another with Kubricky to do the reconstruction work. After the dam's failure, numerous lawsuits ensued in which the Town was one of the defendants (*see Alaimo v Town of Fort Ann*, 63 AD3d 1481 [2009]). The Town and its insurer, plaintiff New York Municipal Insurance Reciprocal, sought defense and indemnifica-

tion from defendant Steadfast Insurance Company (the insurer of Heynan) and defendant Liberty Mutual Insurance Company (the insurer of Kubricky). Steadfast Insurance and Liberty Mutual both disclaimed any obligation to the Town asserting, among other things, that the Town did not qualify as an "additional insured" under the terms of the respective policies.

Plaintiffs commenced this declaratory judgment action and, following disclosure, moved for summary judgment. Relief sought by plaintiffs included an order declaring, among other things, that Liberty Mutual must defend and indemnify the Town, that Steadfast Insurance must defend and indemnify the Town, and that Kubricky breached its contractual obligation to procure insurance coverage for the Town. Liberty Mutual, Steadfast Insurance and Kubricky all made separate cross motions for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion to the extent of finding that Steadfast Insurance was obligated to defend the Town in the underlying property damage actions, but, finding factual issues, the court otherwise denied plaintiffs' motion and further denied the cross motions. Plaintiffs appealed and Liberty Mutual, Steadfast Insurance and Kubricky all cross-appealed.

We consider first the Town's argument that it sufficiently established that Liberty Mutual has a duty under the general commercial liability policy issued to Kubricky to defend the Town as an additional insured with respect to the underlying property damage actions. We note that the Town has narrowed its argument on appeal to only the duty to defend. Although the Town was not expressly named as an additional insured, it asserts that it falls within a category of entities defined under the terms of the policy as an additional insured (*see* 9 Couch on Insurance 3d § 126:7). The Town had the burden to establish such coverage (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218 [2002]; *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570, 570-571 [2006]).

Kubricky's policy with Liberty Mutual extended additional insured status to an entity when Kubricky's written contract to provide work for the entity required such coverage. The written contract between Kubricky and the Town required Kubricky to maintain such insurance until the Town accepted the completed project. Liberty Mutual nevertheless urges that the Town's additional insured coverage had ceased since the policy provided that such coverage remained in effect only so long as Kubricky had ongoing operations at the project.

The term "ongoing operations" is interpreted broadly in New

York (*see generally Wausau Underwriters Ins. Co. v Cincinnati Ins. Co.*, 198 Fed Appx 148, 150 [2d Cir 2006]; *Liberty Mut. Fire Ins. Co. v E.E. Cruz & Co., Inc.*, 475 F Supp 2d 400, 411 [SD NY 2007]). Work may be considered as ongoing during a short lapse of time necessary to conduct tests designed to assure proper performance where such testing is an essential element of the work by the insured (*see Perez v New York City Hous. Auth.*, 302 AD2d 222, 222 [2003]; *cf.* 9A Couch on Insurance 3d § 129:24). While major construction by Kubricky had ended one to two months before the dam's failure, inspection of the project by the engineer, which was required before Kubricky's work was considered completed under the contract, had not yet occurred. In light of the nature of the project, such inspection was not merely a minor after-the-fact detail. We find that the Town adequately established that it was an additional insured for purposes of the broad duty to defend. The exclusions in the policy urged as applicable by Liberty Mutual, which must be construed narrowly, do not vitiate Liberty Mutual's expansive obligation to provide a defense (*see generally Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]).

Next, we consider the Town's breach of contract cause of action against Kubricky in which it asserted that Kubricky failed to obtain a "protective liability insurance" policy for the Town. Supreme Court denied the Town's motion for summary judgment regarding such a breach and also denied Kubricky's cross motion for summary judgment dismissing this aspect of the Town's claim. Each party contends on appeal that its motion should have been granted. We cannot agree. Since the full amount of protection provided to the Town under Kubricky's policy with Liberty Mutual is unresolved (only the duty to defend is decided herein), it is premature to decide either party's motion on this issue.

We turn to Steadfast Insurance's argument that Supreme Court erred in granting the Town summary judgment declaring that it had a duty to defend the Town under the terms of the policy it had issued to Heynan. The policy provided that a client of Heynan would be an additional insured when "required by written contract executed and effective before the performance of 'your work' or 'covered operations.' " The written contract between Heynan and the Town, which was executed before Heynan's work on the project commenced, stated that "[c]ertificates of insurance will be furnished upon request naming the Town of Fort Ann . . . as additional insured." The Town did not request the certificate of insurance until well after the dam had failed.

So long as a clear written intent to include an entity as an additional insured is manifested prior to the loss, the fact that certificates of insurance are not issued until after the loss does not compel the conclusion that such entity is not an additional insured (*see United States Fid. & Guar. Co. v Shorenstein Realty Servs., LP*, 591 F Supp 2d 966, 968-969 [ND Ill 2008]; *ATOFINA Petrochemicals, Inc. v Continental Cas. Co.*, 185 SW3d 440, 443-444, 49 Tex Sup Ct J 225 [2005]; 3 Couch on Insurance 3d § 40:29). Applying rules for construing contracts (*see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d at 571), we observe that the underlying contract, which had been drafted by Heynan, addresses the full extent of insurance coverage in just one paragraph, three sentences in length. The fact that Heynan agreed in the contract that it was prepared to supply certificates of insurance upon request reflects a clear intent to include the Town as an additional insured in Heynan's work on the dam project. The status of the Town as an additional insured is not made contingent upon the request for a certificate of insurance. We agree with Supreme Court that, under these circumstances, Steadfast Insurance has a duty to defend the Town.

We have considered the remaining arguments, most of which Supreme Court addressed at length in its thorough decision, and we find those arguments unavailing.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by declaring that defendant Liberty Mutual Insurance Company has a duty to defend plaintiff Town of Fort Ann in the underlying property damage action, and, as so modified, affirmed.