■ Frank Cusumano et al., Plaintiffs, v Extell Rock, LLC, et al., Defendants, and Regions Facility Services, Inc., Appellant. (And Another Action.) Hard Rock Café International (USA), Inc., Second Fourth-Party Plaintiff-Appellant, v Twin City Fire Insurance Company, Second Fourth-Party Defendant-Respondent. [927 NYS2d 627]—

The subject insurance policy issued by Twin City to defendant-appellant Regions Facility Services, Inc. (Regions) provided coverage to additional insureds when "you have agreed, in writing, in a contract or agreement that another person or organization be added as an additional insured." As the construction agreement, which named Hard Rock as an additional insured was not signed by either Regions or Hard Rock, and the work authorization was only signed by Regions, and the signature page, which included a signature line for Hard Rock to sign, was not signed at the time of the accident, we agree with the court that Hard Rock was not entitled to additional insured status (*see Nicotra Group, LLC v American Safety Indem. Co.*, 48 AD3d 253 [2008] [a legal document signed by one party is not considered to be executed as that term is used in an insurance policy]; *see also National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570, 571 [2006]).

We further find that the policy was not ambiguous as to who was required to sign the agreement. As both the work authorization and the construction agreement contained signature lines meant for Hard Rock and Regions, we find no ambiguity exists as to who was required to sign an agreement naming Hard Rock as an additional insured (*see Rodless Props., L.P. v Westchester Fire Ins. Co.*, 40 AD3d 253 [2007], *lv denied* 9 NY3d 815 [2007]).

The judgment is modified to the extent indicated because although the court properly determined that Twin City had no duty to defend and indemnify Hard Rock, dismissal of the second fourth-party complaint was not the appropriate procedural course. Rather, the court should have issued a declaration in favor of Twin City (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989] ["when a court resolves the merits

of a declaratory judgment action against the plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the defendants"]; *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ. **[Prior Case History: 2010 NY Slip Op 30898(U).]**