Sumner and P&C are not entitled to coverage under the policy that defendant issued to plaintiff Premier Drywall, Inc. because they are not named as additional insureds on the policy (see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 33 AD3d 570, 571 [1st Dept 2006]; see also e.g. Sanabria v American Home Assur. Co., 68 NY2d 866, 868 [1986]). There is no information about any additional insureds either on the schedule on which organizations included as *418 insureds were to be shown or on the declarations on which information required to complete the endorsement was to be shown if the schedule was blank. Nor, contrary to Sumner’s and P&C’s claim, did defendant’s disclaimer admit that they were additional insureds. However, in any event, it is “[t]he four corners of an insurance agreement [that] govern who is covered” (Sixty Sutton Corp. v Illinois Union Ins. Co., 34 AD3d 386, 388 [1st Dept 2006]). Because Sumner and P&C are not additional insureds, defendant was not required to disclaim as to them (see e.g. National Abatement, 33 AD3d at 571).
Defendant contends that plaintiff Premier Drywall, Inc. failed to comply with the policy because it did not provide notification as soon as practicable of the underlying occurrence. However, before the timeliness of Premier’s notice to defendant is considered, the timeliness of defendant’s disclaimer must be considered (see First Fin. Ins. Co. v Jeteo Contr. Corp., 1 NY3d 64, 67 [2003]). Contrary to defendant’s contention, the May 22, 2007 letter triggered its obligation to disclaim. Although the letter gave the wrong surname for the accident victim, it indicated the date, location, and circumstances of the accident (see Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co. of Pittsburgh, PA, 304 AD2d 334, 335-336 [1st Dept 2003]). Defendant issued its disclaimer on October 31, 2007. It was not entitled to disclaim on the ground of late notice simply because the accident occurred on April 9, 2007, and plaintiffs did not notify it until May 22, 2007; defendant needed to know when plaintiffs first learned of the accident (see Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc., 41 AD3d 12, 15 [1st Dept 2007]). In addition, defendant needed more information about the accident victim’s status to determine whether the policy’s employee exclusion applied. However, plaintiffs did not respond to defendant’s June 6, 2007 requests for additional information. Therefore, triable issues of fact exist regarding the timeliness of defendant’s disclaimer (see Admiral Ins. Co. v State Farm Fire & Cas. Co., 86 AD3d 486, 489-490 [1st Dept 2011]).
Defendant contends that the employee exclusion applies because the accident victim was the cabinet contractor. However, there is conflicting evidence on this point. Defendant also relies on the fact that the complaint in the underlying personal injury action alleged that the accident victim was injured during the course of his employment. However, defendant cannot ignore the facts that created a reasonable possibility of coverage that were made known to it in the accident victim’s November 2008 amended bill of particulars and rely solely on the allegations in *419 the complaint to assess its duty to defend Premier (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 70 [1991]).
Having wrongfully refused to defend Premier in the underlying action, defendant is bound by the finding in that action that the accident victim was neither an employee nor a contractor at the time of the accident (see Ramos v National Cas. Co., 227 AD2d 250, 250-251 [1st Dept 1996]). The case it cites, First State Ins. Co. v J & S United Amusement Corp. (67 NY2d 1044 [1986]), is distinguishable because there the insurer did not refuse to defend (id. at 1045-1046). Moreover, we make no declaration as to defendant’s obligation to indemnify Premier (id. at 1046). A determination as to defendant’s duty to indemnify is precluded by issues of fact as to the timeliness of defendant’s disclaimer and, if the disclaimer is found to be timely, the timeliness of plaintiffs’ notices of the underlying occurrence. Defendant contends that the 43-day delay between the date Sumner and P&C’s president knew of the accident and the date of the May 22 letter is unreasonable as a matter of law. However, unlike the policy in the case it cites, Steadfast Ins. Co. v Sentinel Real Estate Corp. (283 AD2d 44 [1st Dept 2001]), the policy in the case at bar does not contain a 15-day deadline for giving notice. Premier contends that its notice could not have been late because it was not aware of the occurrence until defendant’s disclaimer. However, there is conflicting evidence as to when Premier was aware of the occurrence. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.