■ ZURICH AMERICAN INSURANCE COMPANY, Respondent, v ENDURANCE AMERICAN SPECIALITY INSURANCE COMPANY, Appellant. [43 NYS3d 40]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 25, 2016, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff seeks a declaration that Newmark Knight Frank (and certain other entities) are additional insureds under a policy that defendant issued to Kras Interior Contracting Corp. Defendant's policy says, "The following are included as additional insureds: Any entity required by *written* contract . . . to be named as an insured" (emphasis added). On October 11, 2012, Newmark sent a purchase order/agreement to Kras. It said, "THIS PURCHASE ORDER AND AGREEMENT IS A LEGAL AGREEMENT BETWEEN CONTRACTOR [i.e., Kras] AND NEWMARK . . ., AS AGENT FOR OWNER [41 West 34th Street, LLC, and/or 34th Street Commercial Properties, LLC]. BY ACCEPTING THE ORDER, VENDOR [i.e., Kras] HEREBY AGREES TO BECOME BOUND BY THE TERMS OF THIS AGREEMENT." This purchase order/agreement required Kras to obtain a policy naming the owner and the owner's property manager (i.e., Newmark) as additional insureds. The purchase order/agreement contained no signature lines and, accordingly, remained unsigned. Kras accepted Newmark's purchase order/agreement by beginning to perform the ordered work.

On November 12, 2012, a Kras employee was injured on the job; he eventually sued the owner. Plaintiff in the case at bar (Newmark's insurer) sought additional insured coverage for Newmark and the owner from defendant. When defendant refused, this action ensued.

Defendant contends that Newmark and the owner are not additional insureds because the purchase order/agreement was unsigned. However, defendant's policy merely requires a "written" contract, not a "signed" one. By contrast, in *Cusumano v Extell Rock, LLC* (86 AD3d 448 [1st Dept 2011]), the policy said, "The following are also an insured when you [Regions, the contractor in Kras' position] have agreed, in writing, in a contract or agreement that another person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the *execution* of the contract or agreement" (*Cusumano v Extell Rock, LLC*, 2010 NY Slip Op 30898[U], *14 [Sup Ct, NY County 2010] [some italics omitted], *mod* 86 AD3d 448 [1st Dept 2011]). As the motion court in *Cusumano* found, the insurer analogous to defendant in the case at bar "expressly included the word

'executed' in[ ] its Policy, thereby requiring that any agreement by Regions to add a person/organization as an additional insured be memorialized in a signed contract" (*id.* at *16).

Defendant also relies on *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.* (33 AD3d 570 [1st Dept 2006]). The policy in that case, like the subject policy, merely required a "written contract." However, the issue in *National Abatement* was whether a written contract existed at the time of the accident (*see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 2006 NY Slip Op 30315[U], *10 [Sup Ct, NY County 2006], *affd* 33 AD3d 570 [1st Dept 2006]), not whether the written contract also had to be signed.

In the case at bar, unlike *National Abatement*, there is no doubt that a written contract—viz., the purchase order/agreement that Newmark sent to Kras—existed at the time of the accident. Moreover, the contract in *National Abatement* contained signature lines, but Newmark's purchase order/agreement did not; instead, it said, "BY ACCEPTING THE ORDER, VENDOR HEREBY AGREES TO BECOME BOUND BY THE TERMS OF THIS AGREEMENT." Under the circumstances, the court did not err by finding that the unsigned purchase order constituted a written contract for purposes of the additional insured endorsement (*see e.g. LMIII Realty, LLC v Gemini Ins. Co.*, 90 AD3d 1520, 1521 [4th Dept 2011]). Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.