Netherlands Ins. Co. v Endurance Am. Specialty Ins. Co. (2018 NY Slip Op 00105)





Netherlands Ins. Co. v Endurance Am. Specialty Ins. Co.


2018 NY Slip Op 00105


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5399 153327/15

[*1]Netherlands Insurance Company, Plaintiff-Appellant,
v
Endurance American Specialty Insurance Company, Defendant-Respondent.


Jaffe & Asher LLP, New York (Marshall T. Potashner of counsel), for appellant.
Melito & Adolfsen P.C., New York (S. Dwight Stephens of counsel), for respondent.



Order and judgment, (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered September 13, 2016, granting defendant's motion for summary judgment to the extent of declaring that defendant is not obligated to defend and indemnify Bangor Realty, LLC, plaintiff's insured, in the underlying personal injury action, and denying plaintiff's motion for summary judgment for a declaration in its favor, unanimously reversed, on the law, without costs, defendant's motion denied, plaintiff's motion granted to the extent of declaring that defendant is obligated to defend and indemnify Bangor, and the matter remanded for further proceedings.
The additional insured endorsement to the subject general liability policy affords coverage to "[a]ny entity required by written contract ... to be named as an insured." The "Bid Proposal Document" for the construction project in which the underlying personal injury action arose is such a written contract. The proposal names the parties and the "Total agreed price," contains the dated signatures of the parties immediately below the agreed price, and incorporates by reference "the approved plan for the entire project," stating that all work is to be completed in strict accordance with the approved plan and with the plans and specifications prepared by the architect. Although the parties may have intended to execute a more formal agreement later, the proposal constitutes a binding agreement (see Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413 [1st Dept 2008]; Zurich Am. Ins. Co. v Endurance Am. Speciality Ins. Co., 145 AD3d 502 [1st Dept 2016]), and it requires the contractor, defendant's insured, to obtain a policy naming the owner (Bangor) as an additional insured. Thus, Bangor is, in the terms of the policy endorsement, "[a]n[] entity required by written contract ... to be named as an insured" (compare Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 151 [1st Dept 2016] [where policy endorsement provides coverage to " any person or organization with whom you have agreed to add as an additional insured by written contract,'" it "requires that the named insured execute a contract with the party seeking coverage as an additional insured"] [emphasis added]; AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d [*2]425, 426 [1st Dept 2013] ["policies containing broader language have been found to allow for an agreement naming an additional insured without an express contract between the parties"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK