Vargas v City of New York (2018 NY Slip Op 01136)





Vargas v City of New York


2018 NY Slip Op 01136


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


154323/13 -5728A 5728 5727

[*1] Robert Vargas, et al., Plaintiffs,
v
City of New York, et al., Defendants.
City of New York, et al., Third-Party Plaintiffs-Respondents,
v
L & L Painting Co., Inc., et al., Third-Party Defendants, The Evanston Insurance Company, Third-Party Defendant-Respondent, Liberty Insurance Underwriters, Third-Party Defendant-Appellant,


Hardin, Kundla, McKeon & Poletto, New York (George R. Hardin of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Kristina Scotto of counsel), for the City of New York, New York City Transit Authority and the Metropolitan Transportation Authority, respondents.
Clausen Miller, P.C., New York (Don R. Sampen of the State of Illinois, admitted pro hac vice, of counsel), for the Evanston Insurance Company, respondent.



Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered May 20, 2016, declaring that third-party defendant Liberty Insurance Underwriters Inc. is obligated to defend and indemnify defendants/third-party plaintiffs City of New York, New York City Transit Authority, and Metropolitan Transit Authority (the City defendants) in the underlying personal injury action, unanimously modified, on the law, to delete, without prejudice, the declaration that Liberty is obligated to indemnify the City defendants, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 15, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about May 26, 2016, which, insofar as appealed from, upon renewal, adhered to the original determination, unanimously modified, on the law, to delete, without prejudice, the declaration that Liberty is obligated to indemnify the City defendants, and otherwise affirmed, without costs.
The City defendants contracted with defendant E.E. Cruz & Tully Construction Co., a Joint Venture, LLC (Joint Venture). In turn, the Joint Venture entered into a subcontract with defendant/third-party defendant L & L Painting Co., Inc. The subcontract required L & L to procure insurance naming the Joint Venture and the City defendants as additional insureds.
Liberty issued a commercial general liability insurance policy to L & L. Endorsements 1-3 [*2]provide, in pertinent part, that an additional insured is someone "required by written contract signed by both parties prior to any occurrence' in which coverage is sought." By contrast, endorsement 4 says that an additional insured is "any person or organization with whom you [L & L] have agreed to add as an additional insured by written contract."
Liberty argues that the City defendants are not additional insureds because it had no contract with them. If endorsement 4 were the only additional insured endorsement, Liberty would be correct (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 147-148, 151 [1st Dept 2016]). However, a contract between Liberty and the City defendants is not required under endorsements 1-3 (see Netherlands Ins. Co. v Endurance Am. Speciality Ins. Co., ___ AD3d __, 2018 NY Slip Op 00105 [1st Dept, Jan. 9, 2018]).
Liberty also argues that the City defendants are not additional insureds because plaintiff Robert Vargas's injury was not caused by L & L or those acting on its behalf, as required by endorsements 1-3. The limitations in endorsements 1-3 do not vitiate Liberty's duty to defend, because the second amended complaint brings the insurance claim at least "potentially within the protection purchased" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007] [internal quotation marks omitted]). The second amended complaint alleges that all defendants — which includes L & L — operated, maintained, managed, and controlled the job site. It also alleges that all defendants were negligent and failed to provide a safe job site. Thus, it is possible that plaintiff's injury was caused by L & L.
However, it was premature to declare that Liberty is obliged to indemnify the City defendants. The duty to defend is broader than the duty to indemnify (see e.g. id.). It has not yet been determined if L & L was the proximate cause of plaintiff's injury (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313 [2017]).
Since the City defendants did not ask the motion court to declare that Liberty was required to defend and indemnify them, it is not entirely clear why it did so. If the court based its decision on its finding that Liberty's disclaimer was untimely, this was error: A late disclaimer would not preclude Liberty from arguing that the City defendants were not covered under the policy because they were not additional insureds (see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 112 and n 5 [1st Dept 2012]; see also Agoado Realty Corp. v United Intl. Ins. Co., 260 AD2d 112, 115 [1st Dept 1999]), mod on other grounds 95 NY2d 141 [2000]; National Gen. Ins. Co. v Hartford Acc. & Indem. Co., 196 AD2d 414, 416 [1st Dept 1993]).
The timeliness of Liberty's disclaimer is relevant to whether it can assert the lead exclusion (see Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 146 n * [2000]) and the defense that the City defendants' notice was late (see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 44 [1st Dept 2002] [notice requirement applies equally to both primary and additional insureds]). The motion court correctly found as a matter of law that Liberty's 45-day delay in disclaiming was untimely (see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88-89 [1st Dept 2005]; West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278 [1st Dept 2002], lv denied 98 NY2d 605 [2002]). Plaintiff commenced this action on May 9, 2013. The City defendants did not notify Liberty until they commenced their third-party action; their complaint is dated February 4, 2014, and Liberty received it on February 21, 2014. Liberty did not need to investigate to conclude that a delay in giving notice was untimely (see West 16th St. Tenants Corp., 290 AD2d at 279; see also American Mfrs. Mut. Ins. Co. v CMA Enters., 246 AD2d 373 [1st Dept 1998]). Similarly, it did not need to investigate to conclude that the lead exclusion formed a basis for disclaiming; the third-party complaint says that the plaintiff in the underlying personal injury action alleged that he was exposed to lead dust. Moreover, Liberty had sent a letter on October 24, 2013 to the Joint Venture, L & L, and plaintiff, disclaiming on the basis of the lead exclusion.
Liberty is correct that, when a putative insured first makes a claim for coverage in a complaint, the insurer may disclaim via its answer (see American Mfrs. Mut. Ins. Co., 246 AD2d at 373). However, the City defendants/third-party plaintiffs did not waive their argument that Liberty's disclaimer was untimely by agreeing to extend Liberty's time to answer (see City of New York v Welsbach Elec. Corp., 49 AD3d 322, 322-323 [1st Dept 2008]).
Even if, arguendo, Liberty's disclaimer were timely, the lead exclusion would not relieve Liberty of its duty to defend. Since the second amended complaint alleges that plaintiff "was poisoned by exposure to dangerously high levels of lead dust and other hazardous substances" (emphasis added), the allegations do not "cast the pleadings wholly within that exclusion" (Bovis Lend Lease, 27 AD3d at 93 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK