River Park Bronx Apts., Inc. v Harleysville Ins. Co. (2023 NY Slip Op 06459)

River Park Bronx Apts., Inc. v Harleysville Ins. Co.

2023 NY Slip Op 06459

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 651449/20 Appeal No. 1228 Case No. 2023-00270 

[*1]River Park Bronx Apartments, Inc., et al, Plaintiffs-Respondents,
v
Harleysville Insurance Company, Defendant-Appellant.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Lydia K. Deutsch of counsel), for appellant.
Chartwell Law, New York (Christopher G. Wosleger of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Paul A. Goetz, J.), entered August 31, 2022, which granted plaintiffs River Park Bronx Apartments, Inc., River Park Residences, L.P., Reliant Realty Services, LLC, Omni New York LLC, Ony River Park Bronx Apartments LLC, River Park Bronx Apartments Developers LLC (collectively, River Park)'s motion for summary judgement finding that plaintiffs are additional insureds under the policy issued by defendant Harleysville Insurance Company to nonparty Renewal Construction Services LLC, and declaring that Harleysville was obligated to defend River Park in the underlying personal injury action, to indemnify any of the plaintiffs found liable in the underlying action on the condition that Renewal is found liable, and to reimburse River Park for defense costs incurred, and denied Harleysville's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The language of the Harleysville additional insured endorsement does not require direct privity of contract (see Travelers Prop. Cas. Co. of Am. v Harleysville Worcester Ins. Co., __ F Supp 3d __, 2023 WL 4896169, *10, 2023 US Dist LEXIS 133689 *23-24 [SD NY Aug 1, 2023, No. 22CV2171 (KPF)]; Vargas v City of New York, 158 AD3d 523, 524 [1st Dept 2018]; Netherlands Ins. Co. v Endurance Am. Specialty Ins. Co., 157 AD3d 468, 468-469 [1st Dept 2018]). Accordingly, plaintiffs are additional insureds under the policy issued by Harleysville to Renewal.
The final sentence of the Harleysville additional insured endorsement, states that "A person's or organization's status as an insured under this endorsement ends when your on-going operations for that insured are completed," language that has been construed as affording coverage for occurrences occurring prior to the completion of the work contracted for, but not for those occurring after completion of the work (see e.g. Liberty Mut. Fire Ins. Co. v E.E. Cruz & Co., 475 F Supp 2d 400, 411 [SD NY 2007]; Perez v New York City Hous. Auth., 302 AD2d 222 [1st Dept 2003]). The underlying plaintiff's accident occurred on October 25, 2014; the record testimony is to the effect that Renewal's work ended "sometime in 2015." Thus, work was ongoing at the time of the accident. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023