A1 Specialized, Inc. v James Riv. Ins. Co. (2026 NY Slip Op 00570)

A1 Specialized, Inc. v James Riv. Ins. Co.

2026 NY Slip Op 00570

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 652944/22|Appeal No. 5747-5747A|Case No. 2024-05758|

[*1]A1 Specialized, Inc., Plaintiff-Appellant,
vJames River Insurance Company, et al., Defendants-Respondents.

Melito & Adolfsen P.C., New York (Steven I. Lewbel of counsel), for appellant.
Kinney Lisovicz Reilly & Wolff PC, New York (Justin N. Kinney of counsel), for James River Insurance Company, respondent.

Orders, Supreme Court, New York County (Louis L. Nock, J.), entered on or about August 20, 2024, which granted defendant James River Insurance Company's motion for summary judgment declaring that plaintiff is not an additional insured under the subject insurance policies and that it has no duty to defend or indemnify plaintiff in the underlying action, and dismissing the complaint against it, and denied plaintiff's motion for partial summary judgment declaring that James River has a duty to defend it in the underlying action and that it is an additional insured under the insurance policies, unanimously reversed, on the law, with costs, the declaration vacated, James River's motion denied, the complaint reinstated against it, plaintiff's motion granted, and it is so declared, and the matter remanded for further proceedings consistent with this decision.
James River issued insurance policies to defendant Arsenal Scaffold Inc. which provided additional insured coverage to entities, where required by written contract or "written agreement," for losses caused in whole or in part by Arsenal's acts or omissions in the performance of Arsenal's work for such additional insureds. Arsenal prepared a change order for plaintiff which specifically contemplated that Arsenal would name plaintiff as an additional insured, and that it would do so when the change order was signed. Arsenal then commenced work consistent with the terms of the change order and provided plaintiff a certificate of insurance indicating that plaintiff was an "additional insured in regards to general liability as per written contract or agreement," although the parties never signed the change order itself.
Supreme Court should have denied James River's motion for summary judgment. An unsigned document may qualify as a written agreement requiring a party to be named as an additional insured, provided that the additional insured provisions in the insurance policy itself do not explicitly require that the agreement be signed (see Zurich Am. Ins. Co. v Endurance Am. Specialty Ins. Co., 145 AD3d 502 [1st Dept 2016]). If such agreement is unsigned, it may still be enforceable, "provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]).
The record establishes that the change order, which required that Arsenal name plaintiff as an additional insured, was unsigned. However, James River's insurance policies do not require a signed writing, merely a written agreement, and the record establishes that plaintiff and Arsenal intended to enter into the agreement set forth in the change order. While the agreement contains language specifying when Arsenal must name plaintiff as an additional insured, it does not contain language making the signing of the change order a condition precedent to Arsenal's obligation to name plaintiff as an additional insured (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 194-195 [1st Dept 2019]).
Since the change order qualifies as a written agreement requiring Arsenal to name plaintiff as an additional insured, Supreme Court should have granted plaintiff's motion for partial summary judgment and found that defendant insurer is required to provide plaintiff a defense in the underlying litigation, as the duty to defend was triggered (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]; IBEX Constr., LLC v Utica Natl. Assur. Co., 57 AD3d 245 [1st Dept 2008]). The record indicates that the amended verified complaint filed in the underlying tort action contains allegations that are potentially within the scope of coverage provided by James River's policies, and suggest a reasonable possibility of coverage such that it has a duty to defend plaintiff in the underlying tort action. James River's remaining arguments concerning the duty to defend are unavailing.
To the extent plaintiff's motion and arguments on appeal request a hearing on its costs incurred in defending against the underlying action, the matter is remanded for Supreme Court to hold such hearing (see Live Nation Mktg., Inc. v Greenwich Ins. Co., 188 AD3d 422, 423 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026